United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-51611

**MICHAEL E. DESPRES; ET AL.,**

                                                        **Plaintiffs,**

**LAWRENCE DOYLE,**

                                                **Plaintiff-Appellant,**

                        **versus**

**THE CITY OF SAN ANTONIO,**

                                                **Defendant-Appellee.**

**Appeal from the United States District Court
for the Western District of Texas
(5:04-CV-150)**

Before BARKSDALE, DEMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Summary judgment was awarded the City of San Antonio, dismissing Officer Lawrence Doyle's claim of retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e), *et seq*. At issue is whether, for summary-judgment purposes, Officer Doyle sufficiently showed an adverse-employment action.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Officer Doyle, an employee of the San Antonio Police Department (SAPD), filed a complaint with the Equal Employment Opportunity Commission based on: the San Antonio Police Chief's calling Officer Doyle and his fellow members of the Union Bargaining Team (UBT) "lily white"; documents Officer Doyle found at work characterizing him as "lily white"; and his and other UBT members' being removed and replaced by non-whites. Officer Doyle claims the SAPD retaliated against him for filing the complaint by counseling him, issuing a formal complaint notice requiring him to obtain authorization for overtime in excess of two hours, and subjecting him to special overtime rules *not* required of other officers and which reduced his ability to earn overtime compensation.

Upon exhausting administrative requirements, Officer Doyle filed this action. For a Title VII retaliation claim, Officer Doyle must establish a *prima facie* case showing: (1) he engaged in activity protected by Title VII; (2) his employer took an adverse-employment action against him; and (3) a causal connection exists between the protected activity and the adverse-employment action. *E.g.,* **Fabela v. Socorro Indep. Sch. Dist.**, 329 F.3d 409, 414 (5th Cir. 2003). The City's summary-judgment motion was granted on the ground that, for summary-judgment purposes, Officer Doyle failed to show an adverse-employment action pursuant to our precedent.

Subsequent to the briefs being filed for this appeal, the Supreme Court decided ***Burlington Northern & Santa Fe Ry. Co. v. White***, 126 S. Ct. 2405 (2006), which held the test for an adverse-employment action is whether "a reasonable employee would have found the challenged action materially adverse, [meaning] ... it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination". *Id.* at 2415 (internal quotes omitted). This standard differed from our precedent. *See, e.g.,* ***Mattern v. Eastman Kodak Co.***, 104 F.3d 702, 707 (5th Cir.), *cert. denied*, 522 U.S. 932 (1997). Accordingly, we called for supplemental briefs on that point.

Pursuant to this recent Supreme Court decision and the parties' briefs, we remand for reconsideration of the summary-judgment motion, or for such other proceedings as may be appropriate. On remand, in the light of this new standard for an adverse-employment action, if the City continues to seek summary judgment, the district court should consider whether additional evidence should be received, including through additional discovery, prior to ruling on the motion.

***VACATED AND REMANDED***